JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cesar U. Moreno Castellanos, a/k/a/ Cesar Moreno, an Individual

E-FILING

### DEFENDANTS
Louisville Ladder, Inc., and Does 1 to 25, inclusive.

C08  02009  BZ

**(b)** County of Residence of First Listed Plaintiff  Unknown
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Jefferson County, Kentucky
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas J. Gundlach, Esq.
700 Larkspur Landing Circle, Suite 175
Larkspur, CA  94939

415 925-9488

ADR

Attorneys (If Known)
Randolph T. Moore, Esq.
Snell & Wilmer, LLP
600 Anton Blvd., Suite 1400
Costa Mesa, CA  92626
(714) 427-7000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441(b).

Brief description of cause: Plaintiff claims permanent disability caused by defective ladder.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Amount Unspecified
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: April 16, 2008

SIGNATURE OF ATTORNEY OF RECORD: /s/ Randolph T. Moore  Randolph T. Moore

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

NDC-JS44

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On April 16, 2008, I served, in the manner indicated below, the foregoing document described as **CIVIL COVER SHEET** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

Thomas J. Gundlach, Esq.          TEL: 415-925-9488
700 Larkspur Landing Circle, Suite 175     FAX: 415-925-9489
Larkspur, CA  94939

☒   BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐   BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐   BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐   BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

********

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 16, 2008, at Costa Mesa, California.

Louise Mishler

| | |
|---|---|
| 1  Randolph T. Moore (#120041)<br>   SNELL & WILMER L.L.P.<br>2  600 Anton Boulevard, Suite 1400<br>   Costa Mesa, CA  92626-7689<br>3  Telephone: (714) 427-7000  **E-FILING**<br>4  Facsimile: (714) 427-7799<br>   rmoore@swlaw.com<br>5<br>   Attorneys for Defendant<br>6  Louisville Ladder Inc.  **ADR** | **FILED**<br><br>2008 APR 17  A 10: 49<br><br>RICHARD W. WIEKING<br>CLERK<br>U.S. DISTRICT COURT<br>NO. DIST. OF CA. S.J. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR U. MORENO CASTELLANOS, a/k/a CESAR MORENO, an Individual,<br><br>            Plaintiff,<br><br>vs.<br><br>LOUISVILLE LADDER INC., and DOES 1 to 25, Inclusive,<br><br>            Defendants. | CASE NO. **C08  02009  BZ**<br><br>[Originally filed in Napa County Superior Court; Case No. 26-41710]<br><br>**Notice Of Removal Of Action Under 28 U.S.C. § 1441(B)**<br>**(Diversity)**<br><br>DATE OF FILING: March 21, 2008<br>Trial Date: None |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Louisville Ladder, Inc. ("Louisville Ladder"), hereby removes to this Court the state court civil action described below. In support of this Notice of Removal, Louisville Ladder states:

1.  On March 21, 2008 an action was commenced in the Superior Court of the State of California in and for the County of Napa, entitled *Cesar U. Moreno Castellanos v. Louisville Ladder Inc., and DOES 1 to 25, Inclusive*, Case Number 26-41710. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

///

2. Plaintiff personally served Louisville Ladder's registered agent with a copy of the Summons and Complaint on March 24, 2008.

3. On April 11, 2008, Louisville Ladder filed its Answer to Plaintiff's Complaint and made a demand for a jury. A copy of Louisville Ladder's Answer is attached as Exhibit "B" to this Notice. Upon information and belief, no other pleadings have been filed in the state court action.

4. This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) because it was filed within thirty days of the date on which Louisville Ladder was served with the Summons and Complaint.

5. This dispute is a product liability action involving an extension ladder. Plaintiff alleges that he was permanently disabled while using a sixteen-foot fiberglass extension ladder manufactured by Louisville Ladder. Exhibit A, Complaint, p. 4. According to Plaintiff's counsel, Plaintiff fell from a height of 12-13 feet while hanging sheetrock and fractured two vertebrae, injured his shoulder, and underwent surgery as a result of this incident. Plaintiff also received, and continues to receive, extensive medical treatment for his injuries.

6. In his Complaint, which is incorporated herein by reference, Plaintiff alleges causes of action against Louisville Ladder for strict liability, negligence, and breach of warranty. Exhibit A, Complaint, p. 4. Plaintiff is seeking to recover damages for wage loss, hospital and medical expenses, general damages, loss of earning capacity, emotional distress, pain and suffering, and permanent disability. Exhibit A, Complaint, p. 3. Plaintiff also is seeking to recover damages for alleged permanent disability. Exhibit A, Complaint, p. 3. Louisville Ladder denies liability for Plaintiff's accident and alleged injuries.

7. Upon information and belief, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This belief is based upon the allegations contained in Plaintiff's Complaint referenced above and a discussion with Plaintiff's attorney, who described Plaintiff's injuries and alleged damages

1  in a way that leaves no doubt that the amount in controversy easily, exceeds the
2  statutory minimum.

3      8.     Louisville Ladder is a Delaware Corporation with its principal place
4  of business located in Louisville, Kentucky. Louisville Ladder has never had a
5  principal place of business located in the State of California. Upon information
6  and belief, Plaintiff is a resident and citizen of the State of California. Therefore,
7  there is complete diversity of citizenship.

8      9.     Plaintiff's Complaint identifies no other defendants; "Doe"
9  defendants "shall be disregarded" for removal purposes. *See* 28 U.S.C. §
10 1441(a).

11     10.    This Court has original jurisdiction over this action under 28 U.S.C.
12 §1332(a), and this action is removable pursuant to 28 U.S.C. §1441(b).

13 WHEREFORE, Louisville Ladder prays for removal of this case from the
14 Orange County, California Superior Court to this Honorable Court.

16 Dated: April 16, 2008           SNELL & WILMER L.L.P.

By: _Randolph T. Moore_
Randolph T. Moore
Attorneys for Defendant
Louisville Ladder Inc.

Case 3:08-cv-02009-MMC    Document 1    Filed 04/17/2008    Page 7 of 19

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Louisville Ladder, Inc., a corporation, Does 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Cesar U. Moreno Castellanos, a/k/a Cesar Moreno

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED**

MAR 21 2008

Clerk of the Napa Superior Court
By: L. WALKER
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: DELAY REDUCTION CASE
*(El nombre y dirección de la corte es):*
Napa County Superior Court, 825 Brown Street, Napa, CA 94559

CASE NUMBER:
*(Número del Caso):* **26-41710**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tom Gundlach, 700 Larkspur Landing Circle, No. 175, Larkspur, CA 94939; 415-925-9488

DATE: March 21, 2008           Clerk, by   Lori M. Walker / Stephen A. Bouch , Deputy
*(Fecha)*                      *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify):* Louisville Ladder Inc
   under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Thomas J. Gundlach (SBN 42847)<br>700 Larkspur Landing Circle, No. 175<br>Larkspur, CA 94939<br>TELEPHONE NO: 415-925-9488  FAX NO. *(Optional):* 415-925-9489<br>E-MAIL ADDRESS *(Optional):* tgundlach@aol.com<br>ATTORNEY FOR *(Name):* Cesar Moreno (plaintiff) | PLD-PI-001<br>**FOR COURT USE ONLY**<br>**ENDORSED**<br>MAR 2 1 2008<br>Clerk of the Napa Superior Court<br>By: _____L. WALKER_____<br>Deputy |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** NAPA<br>STREET ADDRESS: 825 Brown Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Napa, CA 94559<br>BRANCH NAME: | |
| PLAINTIFF: Cesar U. Moreno Castellanos, a/k/a Cesar Moreno<br>DEFENDANT: Louisville Ladder, Inc., a corporation,<br>[✓] DOES 1 TO 25 | **DELAY REDUCTION CASE** |
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>[ ] **AMENDED** *(Number):*<br>Type *(check all that apply):*<br>[ ] MOTOR VEHICLE  [✓] OTHER *(specify):* Products Liability<br>    [ ] Property Damage  [ ] Wrongful Death<br>    [ ] Personal Injury  [ ] Other Damages *(specify):* Personal Injury | CASE MANAGEMENT CONFERENCE<br>DATE: 8-28-08<br>TIME: 8:30am<br>PLACE: Courtroom A<br>825 Brown Street, Napa CA 94559 |
| Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>   Amount demanded  [ ] does not exceed $10,000<br>                          [ ] exceeds $10,000, but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br>**26-41710** |

1. Plaintiff *(name or names):* Cesar U. Moreno Castellanos, hereinafter Cesar Moreno
   alleges causes of action against **defendant** *(name or names):*
   Louisville Ladder Inc, and Does 1-25 inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.JuriSearch.com

PLD-PI-001

| SHORT TITLE: Moreno v. Louisville Ladder, Inc., et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant (name): Louisville Ladder Inc
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☑ except defendant (name): Doe 1
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☑ other (specify):
         a local California retailer of ladders

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 2-5 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 2-25 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☑ other (specify):
      In addition, a California retailer, Doe 1, put the ladder in commerce by selling it in Napa County or environs.

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Moreno v. Louisville Ladder, Inc., et al. | |

10. The following causes of action are attached and the statements above apply to each (*each complaint must have one or more causes of action attached*):
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☑ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify)*:
      emotional distress, pain and suffering, permanent disability, etc

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is (*in cases for personal injury or wrongful death, you must check (1)*):
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:
   Paragraph 5(b) alleges that a local retailer, identity currently unknown, placed ladder in flow of commerce in Napa County and/or environs.

Date: March 21, 2008

Thomas J. Gundlach
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 3 of 3

PLD-PI-001(5)

| SHORT TITLE: Moreno v. Louisville Ladder Inc, et al. | CASE NUMBER: |
|---|---|

<u>First to Third</u> **CAUSE OF ACTION—Products Liability**     Page ____4____
  (number)

ATTACHMENT TO  [✓] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Cesar Moreno

Prod. L-1. On or about *(date):* June 7, 2007    plaintiff was injured by the following product:
Louisville Ladder Inc fiberglass expandable 16' ladder, model no. L-3121-16, manufactured in MX in May, 2005.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
  [✓] used in the manner intended by the defendants.
  [ ] used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
  [ ] purchaser of the product.          [✓] user of the product.
  [ ] bystander to the use of the product.  [ ] other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L-4. [✓] **Count One—Strict liability** of the following defendants who
  a. [✓] manufactured or assembled the product *(names):*
      Louisville Ladder Inc
        [✓] Does 2 to 5
  b. [✓] designed and manufactured component parts supplied to the manufacturer *(names):*

        [✓] Does 6 to 10
  c. [✓] sold the product to the public *(names):*
      Name unknown but California retailer situated in Napa County or environs
        [✓] Does 1 to ____

Prod. L-5. [✓] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
    Louisville Ladder Inc
        [✓] Does 1 to 25

Prod. L-6. [✓] **Count Three—Breach of warranty** by the following defendants *(names):*
    Louisville Ladder Inc
        [✓] Does 1 to 25
  a. [✓] who breached an implied warranty
  b. [ ] who breached an express warranty which was
        [ ] written   [ ] oral

Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
        [ ] listed in Attachment-Prod. L-7 [ ] as follows:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION—Products Liability**

Code of Civil Procedure, § 425.12
www.jurisearch.com

Exhibit B

Randolph T. Moore (#120041)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799
rmoore@swlaw.com

Attorneys for Defendant
Louisville Ladder Group Inc.

**ENDORSED**

APR 1 1 2008

Clerk of the Napa Superior Court
By: S. FERINA
    Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF NAPA

**FILED BY FAX**

| | |
|---|---|
| CESAR G. MORENO CASTELLANOS, a/k/a CESAR MORENO, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOUISVILLE LADDER, INC., a corporation, and DOES 1 to 25, Inclusive,<br><br>Defendants. | Case No. 26-41710<br><br>Judge:  Raymond Guadagni, Dept. A<br><br>Louisville Ladder Inc.'s Answer To Complaint<br><br>Date of Filing: March 21, 2008<br>Trial Date: None |

Defendant Louisville Ladder Inc. ("Louisville Ladder"), hereby answers Plaintiff's unverified complaint as follows:

### General Denial

Under the provisions of Section 431.30(d) of the California Code of Civil Procedure, Louisville Ladder denies every allegation, both specifically and generally, of each cause of action contained in the complaint and the whole thereof, and denies that Plaintiff was injured or damaged in any sums or at all.

///
///
///

### First Affirmative Defense

The complaint, and each separate cause of action alleged in it, fails to state facts sufficient to constitute a cause of action against defendant.

### Second Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that the damages and injuries of Plaintiff alleged in the complaint were legally and proximately caused or contributed to by the negligence, fault, negligence per se, assumption of risk, and other culpable conduct of Plaintiff and that the amount of damages, if any, that Plaintiff may recover against Louisville Ladder must be diminished in the proportion that such conduct contributed to the alleged injuries, losses or damages of Plaintiff.

### Third Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that the injuries and damages of Plaintiff alleged in the complaint were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which Louisville Ladder is neither responsible nor liable.

### Fourth Affirmative Defense

Plaintiff's claims and requests for damages are barred, in whole or in part, by Plaintiff's misuse and/or assumption of risk, including violation of the warnings and instruction on the ladder.

### Fifth Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that Plaintiff has failed to mitigate his damages, if any, in the manner and to the extent required by law.

### Sixth Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that any injuries or damages sustained by Plaintiff was caused or contributed to by the negligence or other wrongful conduct of persons, firms, partnerships, corporations,

municipalities, or entities other than Louisville Ladder and that the negligence or other wrongful conduct comparatively reduces the percentage of negligence or other liability, if any, of Louisville Ladder.

### Seventh Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that the damages and injuries of Plaintiff alleged in the complaint were legally and proximately caused by, and arose out of, risks of which Plaintiff had both knowledge and understanding and that Plaintiff voluntarily assumed.

### Eighth Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that the damages and injuries alleged in the complaint were legally and proximately caused by the alteration or modification of the subject ladder.

### Ninth Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that the damages and injuries alleged in the complaint were legally and proximately caused by the unforeseeable misuse of the Vehicle.

### Tenth Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that it discharged its duty to warn of dangers embodied in the subject ladder, if any, by providing adequate warnings and instructions to persons in the chain of distribution of the subject ladder, including Plaintiff.

### Eleventh Affirmative Defense

The subject ladder complied with the applicable state-of-the-art and all applicable industry standards.

### Twelfth Affirmative Defense

Louisville Ladder is informed and believes and on that basis alleges that Plaintiff's alleged medical care and expenses were not reasonable or necessary.

///

**Thirteenth Affirmative Defense**

Louisville Ladder is informed and believes that Plaintiff is a "sophisticated user" of the type of ladder that he was using at the time of the incident and therefore, his failure to warn claims are barred by the Sophisticated Uses Defense.

**Jury Demand**

Louisville Ladder hereby demands a trial by jury on all issues so triable.

**Prayer**

**Wherefore**, Louisville Ladder prays as follows:

1. For dismissal of the complaint with prejudice;
2. For a judgment in favor of Louisville Ladder and against Plaintiff;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: April 11, 2008            SNELL & WILMER L.L.P.

By: _____
Randolph T. Moore
Attorneys for Defendant
Louisville Ladder Inc.

- 4 -
ANSWER TO COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On April 11, 2008, I served, in the manner indicated below, the foregoing document described as **LOUISVILLE LADDER INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

Thomas J. Gundlach, Esq.
700 Larkspur Landing Circle, Suite 175
Larkspur, CA 94939
TEL: 415-925-9488
FAX: 415-925-9489

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

\*\*\*\*\*\*\*\*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 11, 2008, at Costa Mesa, California.

*Sandi Martinez*

\DAVIS\NSWDMS\8698299

-5-
ANSWER TO COMPLAINT

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On April 16, 2008, I served, in the manner indicated below, the foregoing document described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

Thomas J. Gundlach, Esq.              TEL: 415-925-9488
700 Larkspur Landing Circle, Suite 175   FAX: 415-925-9489
Larkspur, CA 94939

[X] **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

[ ] **BY FACSIMILE:** (C.C.P. § 1013(e)(f)).

[ ] **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

[ ] **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

\*\*\*\*\*\*\*\*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 16, 2008, at Costa Mesa, California.

_Sandi Martinez_