IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR U. MORENO CASTELLANOS, a/k/a CESAR MORENO,<br><br>    Plaintiff,<br><br>  v.<br><br>LOUISVILLE LADDER, INC.,<br><br>    Defendant.<br>_____/ | No. C-08-2009 MMC<br><br>**ORDER TO SHOW CAUSE** |

      Before the Court is the Notice of Removal, filed April 17, 2008[1] by defendant Louisville Ladder Inc., wherein defendant invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a). (See Notice of Removal at 3:11-12.)

      Jurisdiction under § 1332 is predicated on diversity of citizenship of the parties and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332(a). In the instant complaint, plaintiff alleges only that the amount of damages "exceeds $25,000." (See Complaint at 1.) In its Notice of Removal, defendant contends the amount in controversy nonetheless exceeds $75,000, based on general allegations in the complaint and statements defendant attributes to plaintiff's counsel as to the nature of plaintiff's injuries and resulting medical care. Neither the allegations in the complaint nor the defendant's

---

[1] The instant action was reassigned to the undersigned on June 6, 2008.

description of the remarks by plaintiff's counsel are sufficient to support a finding of diversity jurisdiction.  All of said statements are essentially conclusory in nature, as is defendant's further assertion that removal is appropriate based on a "discussion with Plaintiff's attorney, who described Plaintiff's injuries and alleged damages in a way that leaves no doubt that the amount in controversy easily[ ] exceeds the statutory minimum." (See Notice of Removal ¶¶ 5, 7.)

A removing defendant has the burden of "setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy" meets the jurisdictional minimum.  See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original).  Here, defendant's Notice of Removal sets forth facts insufficient to support defendant's conclusion that the amount in controversy exceeds $75,000.

"Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  "Conclusory allegations as to the amount in controversy are insufficient."  Id. at 1090-91.

In the instant case, defendant's primary support for removal is a conclusory description of a conversation with plaintiff's counsel.  Consequently, defendant has failed to satisfy its burden of showing the amount in controversy exceeds $75,000.

Accordingly, defendant is hereby ORDERED TO SHOW CAUSE, in writing and no later than July 11, 2008, why the instant action should not be REMANDED to the California Superior Court for the County of Napa.

**IT IS SO ORDERED.**

Dated: June 26, 2008

MAXINE M. CHESNEY
United States District Judge