Randolph T. Moore (#120041)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799
rmoore@swlaw.com

Attorneys for Defendant
Louisville Ladder Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR U. MORENO CASTELLANOS, a/k/a CESAR MORENO, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOUISVILLE LADDER INC., and DOES 1 to 25, Inclusive,<br><br>Defendants. | CASE NO. C 08-02009 BZ<br><br>Honorable Maxine M. Chesney<br><br>**Declaration of Randolph T. Moore in Response to OSC re Remand**<br><br>COMPLAINT FILED: March 21, 2008<br>Trial Date: None |

I, Randolph T. Moore, declare as follows:

1.  I am an attorney licensed to practice in the State of California and the District Court for the Northern District of California, and I am counsel of record for defendant Louisville Ladder Inc. ("Defendant"). I make this declaration in support of Defendant's response to the Court's June 26, 2008 Order to Show Cause why this case should not be remanded to the Superior Court. I have personal knowledge of the facts stated below.

2.  On April 17, 2008, I filed the Defendant's Notice of Removal under 28 U.S.C. §1332(a) based upon the parties' diversity of citizenship. In the Notice of Removal, I alleged that the amount in controversy exceeded $75,000 based upon the

1  Plaintiff's complaint, in which he alleged that his damages include wage loss, hospital and
2  medical expenses, general damages, loss of earning capacity, emotional distress, pain and
3  suffering, and permanent disability. The allegation was also based upon my conversation
4  with Plaintiff's counsel, in which he described the nature and extent of the Plaintiff's
5  permanent injuries.
6      3.   Plaintiff has since confirmed that his alleged damages exceed the amount of
7  $75,000 in his Voluntary Disclosure Statement pursuant to FRCP, Rule 26(a), a true and
8  correct copy of which is attached as Exhibit 1. Because of the voluminous and personal
9  nature of the exhibits attached to Plaintiff's disclosure statement (they include tax
10 records), I have not included them as an attachment to this exhibit. According to
11 Plaintiff's disclosure statement, he fractured and severely twisted his thoracic spine at the
12 T-11 and T-12 levels and is now disabled. He claims that he will no longer be able to
13 work again in the construction industry, his prior occupation. Plaintiff has incurred
14 $36,039 in past medical expenses and $45,750 in past wage losses. In this action, Plaintiff
15 claims that he will sustain an economic loss of $2,012,189 and a non-economic loss of
16 $2,235,625. Plaintiff seeks $4.2 million in damages against Defendant.
17     4.   Since Plaintiff's stated claim exceeds the amount in controversy required
18 under 28 USC § 1332(a), Defendant respectfully submits that the court should not remand
19 this action to the Superior Court.
20     I declare under penalty of perjury under the laws of the State of California
21 that the foregoing is true and correct.
22     Executed this 3rd day of July, 2008, at Costa Mesa, California.

Randolph T. Moore

8909497.1

- 2 -

Declaration of Randolph T. Moore in Response to OSC re Remand
Case No. C 08-02009 BZ

<u>Cesar U. Moreno Castellanos v. Louisville Ladder, Inc.</u>
USDC – Northern Division
Case No. C08-02009 BZ

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On July 3, 2008, I served, in the manner indicated below, the foregoing document described as:

**DECLARATION OF RANDOLPH T. MOORE IN RESPONSE TO OSC RE REMAND** on the interested parties in this action:

| Thomas J. Gundlach, Esq.<br>700 Larkspur Landing Circle, Suite 175<br>Larkspur, CA  94939 | TEL: 415-925-9488<br>FAX: 415-925-9489 |
|---|---|

☒ BY E-FILING (USDC Central): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on July 3, 2008, at Costa Mesa, California.

//s// Sandi Martinez
Sandi Martinez

1  Thomas J. Gundlach, (State Bar #42847)
   LAW OFFICES OF THOMAS J. GUNDLACH
2  700 Larkspur Landing Circle, No. 175
   Larkspur, CA 94939
3  Telephone: (415) 925-9488
   Facsimile: (415) 925-9489
4  tgundlach@aol.com

5  Attorney for Plaintiff,
   Cesar U. Moreno

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR U. MORENO CASTELLANOS, a/k/a CESAR MORENO, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LOUISVILLE LADDER INC., and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No. C08 2009 BZ<br><br>**PLAINTIFF'S VOLUNTARY DISCLOSURE STATEMENT PURSUANT TO FRCP, RULE 26 (a)**<br><br>Complaint Filed:   March 21, 2008 in Napa County Superior Court<br>Removed:   April 17 2008 |

Plaintiff's voluntary disclosure statement follows:

I.   STATEMENT OF THE CASE

This is a personal injury action arising out of strict products liability. Cesar Moreno was born in Los Angeles and is 27 years old. He is married, has three children, and his wife works for a child care center. Cesar is a highly skilled sheet rock hanger with six years experience. On June 7,

1

2007, while working on a home in St. Helena, CA, Cesar fell from a 16 foot extension ladder and broke his back (i.e., fractured and severely twisted T-11 and T-12). He is now disabled and will not be able to work in the construction industry again. As a result, he will sustain economic loss of $2,012,189 and noneconomic loss of $2,235,625. In total, he seeks $4.2 million in damages against the manufacturer of the extension ladder.

Louisville Ladder, Inc. (hereinafter "LLI"), is a Delaware company with a place of business in Louisville, KY. It is a wholly owned subsidiary of Verzatec S.A.B. de C.V. (hereinafter "Verzatec"), a Mexican company. LLI was formed in 2005. It imports ladders Verzatec makes at its plant in Mexico and resells them to retailers in the United States under the name "Louisville Ladder". However, Louisville Ladders no more has anything to do with Louisville, KY then it does with the "Louisville Slugger" (a classic brand name denoting strength, length and durability).

In May, 2005, LLI placed a defective fiberglass and aluminum extension ladder (Model # L-3121) in the flow of commerce. The rung lock plate on that ladder is defective in that it is subject to fracturing under normal wear and tear. In turn, fracturing promotes corrosion and that can result in catastrophic failure (as was the case here). David Lopez, an electrician, purchased an L-3121-16 from Home Depot in Napa, CA. About a year later, Cesar Moreno used that ladder to mud around two windows 12 feet above the floor at a residence in St. Helena, CA. As Mr. Moreno was mudding, he felt the left side of the ladder give and fell 12 feet to the floor below. He broke his back and suffered a severely strained shoulder. He continues to treat and it is more medically probable than not Cesar will suffer permanent disability.

II.   **EVIDENCE** (*Witnesses, Summary Of Witness Testimony; Trial Exhibits*)

The following is a list of potential witnesses and a summary of what each may say as well as an identification of likely trial exhibits.

1. Cesar Ulises Moreno Castellanos (a/k/a and hereinafter "Cesar Moreno"
1020 Garfield Drive
Petaluma, CA 94954
707-769-1071

*Background.* Cesar Moreno was born in LA on May 8, 1980. **EXHIBIT 3.** He obtained the equivalent of a high school education in Mexico and returned to the U.S. in 1996. He and his family moved to Novato, CA. He married and has three children. His wife works for a child care center. On moving to Novato, Cesar went to work for a sheet rock hanger and taper named Trainer Drywall. Two years later he went to work for Green Point Nursery. In 1999, Cesar was hired by Triple A Drywall in San Anselmo, CA. He worked there for nearly 3 years. In 2003, he went to work for Hawkins Drywall Contractor in San Rafael. (**EXHIBIT 6**). Mr. Moreno worked for Hawkins until he was injured on June 7, 2007. At the time of the accident, he was earning $22/hr. (**EXHIBIT 1**). He was a good worker and expected a raise to $24/hr shortly.

*Ladder Failure.* Cesar believes the left rung lock plate failed causing him to lose his balance and the ladder then collapsing. Cesar attempted to grasp the setback edge of the window but it was too narrow to hold on to. He fell backward and to the right. He banged his head on the corner of the two walls and landed on his back on top of the ladder.

*Injuries Sustained.* Cesar broke his back. He sustained two fractured thoracic vertebrae and a severely strained right shoulder which has required surgical repair. He sustained a "compression burst fracture of T12 and an end-plate fracture of T11...". In addition, T-12 is twisted 16 degrees in relation to T-11 and T-11 is slightly twisted itself. Cesar is now disabled and cannot return to work. At the present time, it does not appear he will ever be able to work again, not even at a sedentary job. His back is getting progressively worse causing him to stoop. The pain continues to be excruciating. He requires treatment for depression as a result of the pain. Kaiser Petaluma is now his provider. More surgery is likely.

*No Comparative Negligence.* Cesar was not under the influence of drugs or alcohol at the time of the accident. He will testify the ladder was resting on the hardwood floor not on plastic

3

sheets. He will testify the angle of ascent was the same as he had previously used without incident. The angle was neither too shallow nor too steep. He is experienced in the use of extension ladders and has never had an accident on one. Cesar will explain he did nothing to contribute to his fall. Specifically, he did not lean over, extend the ladder beyond the recommended rung, or set the ladder at an inappropriate pitch or on an inappropriate surface.

There are no eye witnesses. The electrician, David Lopez, was in the front yard when the accident occurred while Tony Leon, an employee of Schmitt & Co, was in the front room. As a result, no one saw Cesar fall.

*Damages.*

*Economic loss*

Cesar will testify to his earnings over the past 5 years and to what he believed was a secure future in the construction industry. **Exhibit 1**. In summary, to date he has lost wages of $45,750 (40 hrs/wk for 52 weeks at $22/hr) and incurred medical expenses of at least $36,039.37. He faces a huge loss of future wages and significantly more medical expenses. Briefly, at the time he was injured, Cesar had a work life expectancy of 40 years (i.e., to age 67). Therefore, Cesar will lose 2080 weeks of work at 40 hours per week over the remainder of his work life expectancy. At the time of loss he was earning $22/hr. Recognizing a discount factor of .01 or .02 is used to determine the current value of future money, we offset that discount factor by not ascribing an increase in wages due to inflation or an anticipated raise. In that instance, Cesar will lose $1,830,400. Future medical expenses will exceed $100,000 (e.g., continued treatment for depression, rehab, PT, medications, and additional surgery). Therefore, economic loss is as follows:

| | |
|---|---|
| Wage loss to date | $  45,750 |
| Future wage loss (est) | 1,830,400 |
| Past Medical expenses (minimum) | 36,039 |
| Future Medical expenses (est) | <u>100,000</u> |

4

|   |   |
|---|---|
| Total | $2,012,189 |

*Noneconomic loss*

Noneconomic loss is determined by ascribing a figure which will fairly compensate Cesar for his pain and suffering and for his disfigurement. Assuming $125/day is a fair and reasonable sum and given a life expectancy of 49 years, Cesar's noneconomic loss equals *$2,235,625*. Thus, damages exceed $4 million.

    2.    Citlaly Cervantes
           1020 Garfield Drive
           Petaluma, CA 94954
           707-769-1071
           (Wife of Cesar Moreno)

Citlaly will testify to learning of the accident and of rushing to the hospital to see her husband. She will testify to his pain and his continual struggle to get through each day. He is no longer the man she married and he is no longer the doting father he once was.

    3.    Jose Antonio Moreno
           1020 Garfield Drive
           Petaluma, CA 94954
           (Son of Cesar Moreno)

He will testify to how difficult it is for his father to get through each day.

    4.    Adriana Navarro
           1020 Garfield Drive
           Petaluma, CA 94954
           (Daughter of Cesar Moreno)

She will testify to how difficult it is for her father to endure.

    3.    Miranda Moreno
           1020 Garfield Drive
           Petaluma, CA 94954
           (Daughter of Cesar Moreno)

She will testify how her father has changed since the accident

    4.    Eric Schmitt
           2159 Big Ranch Road
           Napa, CA 94558

Mr. Schmitt will testify that he was the general contractor on the job and that the job

1  consisted of replacing certain windows at 1334 Andrea Avenue, St. Helena, CA. He was not present
2  at the job site on the day of the accident. His foreman was there part of the day. He will state the
3  electrician was in to install electric openers for the windows above the front door and inward some 6
4  feet from the door. The electrician was David Lopez, owner/operator of Mack Electric in Napa.
5  The ladder that failed belonged to Lopez. He will state he called Hawken Drywall to come in and
6  patch and mud around the replaced windows. He will state the subs were Hawken Drywall, the
7  sheet rocker (Moreno's employer), Richner Painting, the painter, and David Lopez, the electrician.
8      A copy of Schmitt's deposition taken in the workers' comp matter is attached. **EXHIBIT 2.**
9  Schmitt testified the only persons present at the time of the accident were Cesar, David Lopez and
10 Tony Leon.

11
12      5.    John Talbot
              (Schmitt & Co Superintendent on job at 1334 Andrea Ave)
              2159 Big Ranch Road
13            Napa, CA 94558

14      Mr. Talbot was the superintendent on the job. He is employed by Schmitt & Co. He was
15 not present at the time of the accident. He authorized Cesar Moreno to use Dave Lopez's ladder
16 (with Lopez's consent).

17      6.    Dan Talbot
              Tony Leon - 1030 Wopalwa Way, Suisun City, CA 707-812-4703
18            Sal Negrete
              (3 employees of Schmitt & Co who worked on 1334 Andrea Ave job)
19            2159 Big Ranch Road
              Napa, CA 94558
20
21      These are the three men employed by Schmitt & Co at the time of the accident. Tony Leon
22 was applying a coat of mud to sheet rock around a window in the family room when he heard a loud
23 crash. Leon did not see the accident occur. When Leon turned around, he saw Cesar on the floor
24 and David Lopez running in through the front door.
25      Apparently, Sal Negrete, another employee, may have been at the job site earlier that day but
26

was not see the accident occur.

7. David Lopez
   Mack Electric
   2014 Imola Ave
   Napa, CA 94558

David Lopez was on the job site when the accident occurred. He was out on the front lawn when he heard a loud crash and came running in the front door. He found Cesar on the floor. He did not see what happened. It was his ladder that Cesar used when it failed. There was nothing wrong with the ladder before the accident. He bought it at Home Depot. He never abused the ladder. He noticed that the feet of the ladder were not set on plastic sheets and that the pitch of the ladder appeared normal and appropriate.

8. Gary Brookman
   1334 Andrea Avenue
   St. Helena, CA
   (Owner of 1334 Andrea Ave, St. Helena, CA).

He was not present when the accident occurred. Mr. Brookman owns 1334 Andrea Ave.

9. Carol Parisek
   Cal/OSHA
   1221 Farmers Lane, Suite 300
   Santa Rosa, CA 95405

She is employed by Cal/OSHA. Under California law, reports prepared by Cal/OSHA are admissible to prove third-party liability. Ms. Parisek visited the job site following the accident, interviewed witnesses, took pictures, wrote a report, and made certain findings. Her report is attached. **Exhibit 6**.

10. Peter Marlotte
    Bob Russell
    Hawken Drywall
    819 A Street, Ste 22
    San Rafael, CA 94901

Peter Marlotte is owner/operator of Hawken Drywall in San Rafael. Hawken was Cesar's employer at the time of the accident. Plaintiff believes Bob Russell is also employed at Hawken.

Peter Marlotte or his office manager will testify to Cesar's earnings and to his being a good employee. Cesar knew how to use extension ladders and used them frequently. He was a safe worker. He was in line to get a raise to $24/hr. Peter took pictures at the scene. He gave a statement to Cal/OSHA. The employee file for Cesar Moreno is attached. **Exhibit 7**.

    11.    Piner's Napa Ambulance Service Inc.
               1820 Pueblo Ave
               Napa, CA 94553
               707-224-7928

               Crew:  Dick Tsudama
                           Steven Dykstra

Piner was the ambulance company that sent a crew to provide emergency medical assistance to 1334 Andrea Ave. The crew will testify that they ripped the plastic sheets to secure their footing. They also prepared a report which includes their findings and observations. **Exhibit 4**.

    12.    Saint Helena Police Dept
               Officer S Peterson, id no. 21
               1480 Main Street
               St. Helena, CA 94574

Officer S Peterson will testify that he was called to the scene and on arriving observed an extension ladder in the front lawn with a "crack in the locking mechanism". He also observed that one of the rungs had pushed through the fiber glass frame. The police report is attached. **Exhibit 5**.

    13.    Queen of the Valley Medical Center
               1000Trancas Street
               Napa, CA 94558
               707-252-4411

Queen of the Valley Medical Center is where Cesar was taken by Piner Ambulance. He was treated there and was operated on at Queen. The chart is attached. **Exhibit 8**.

The file indicates medical expenses of $36,039.37 for the period 6/7/07 to 6/17/07.

The workers' comp file is attached as **Exhibit 9**.

    14.    John P. Loftus, MD.

```
           1000 Trancas Street
           Napa CA 94558
           707-226-2031
```

Dr. Loftus was the trauma surgeon at Queen of the Valley on Cesar's arrival. He will testify to the nature of injuries Cesar sustained.

15.   Jason T. Huffman, MD.
      Napa Valley Orthopaedic Medical Group
      1000 Trancas Street
      Napa, CA 94558
      707-226-2031

Dr. Huffman was the orthopedic surgeon on call at Queen. He is a spine and back specialist. He treated and continues to treat Cesar. He will testify to the fractured vertebrae, the need for additional surgery, the injured shoulder, the medical likelihood Cesar will be permanently disabled, and the medical probability he will sustain permanent deformity.

16.   Adam M. Freedhand, M.D.
      Orthopaedic Surgery
      1100 Trancas St., Suite 250
      Napa, CA 94558
      707-254-7117

Dr. Freedhand practices with Dr. Huffman and may testify. He may perform additional surgery on Cesar. He has provided some care to Cesar.

17.   Steven Cardey, M.D.
      Napa Valley Orthopaedic Medical Group
      1000 Trancas Street
      Napa, CA 94558
      707-226-2031

Dr. Cardey was the emergency room physician at Queen when Cesar arrived. He will testify to the injuries the patient sustained.

18.   Kaiser Permanente
      3900 Lakeville Highway
      Petaluma, CA 94954
      707-765-3786

Providers:

9

Edna S. Rivera, M.D.
Psychiatrist
Dept of Psychiatry

Roberto Gonzalez, , PT
Elizabeth Ryan

These professionals will testify to Cesar's emotional state of mind, to his emotional distress, to the impact the pain is having on him, and to his rehab.

19.  Kyle Jackson, PT, MS, CSCS
Physical Therapy
208 Concourse Blvd, Suite 2
Santa Rosa, CA 95403
707-303-4992

He may testify to Cesar's injuries and the progress, if any, he is making.

20.  Experts

While FRCP 26(C) (j) I-ii does not require disclosure of expert witnesses until 90 days prior to trial, generic disclosure is made at this time to hasten trial preparation.

Dr. Huffman, the treating orthopedic surgeon, will testify to his findings as set forth in his spine report.

An expert on spinal injuries will be called to opine on the medical probability Cesar will sustain permanent injury, will suffer disfigurement, will require more surgery, and will be able to return to work and, if he can, what physical limitations will be placed on him.

A vocational rehab specialist will testify to the types of jobs Cesar may qualify for given his injuries and to the wages paid at those various jobs.

An economist will testify to the difference between what Cesar could have earned had he not been injured and what he will earn given the job or jobs he may be qualified to do in the future. The differential, discounted to present cash value, is the amount of future wage loss.

An expert on ladder failure including metallurgy will testify to the defect, how it occurred, and the mechanism of injury.

### III. LIST OF DOCUMENTS PRODUCED

1. Tax returns 2003-2007
2. Deposition transcript of Eric Schmitt, general contractor
3. Moreno birth certificate
4. Report from Piner's Napa Ambulance Service, Inc.
5. St. Helena Police Dept Incident Report
6. Cal/OSHA file including interviews, investigatory reports and pictures
7. Hawken Drywall, Inc. Personnel file for Cesar Moreno
8. Queen of the Valley Medical Center chart on Cesar Moreno
9. Worker's comp file
10. DVD of accident reconstruction

### IV. LADDER

The subject ladder is in the possession of plaintiff's counsel and can be inspected at 700 Larkspur Landing Circle, Suite 175, Larkspur, CA.

### V. ACCIDENT RECONSTRUCTION

**Exhibit 10** is a DVD made by plaintiff's counsel and constitutes work product. It is nonetheless produced, without waiving the privilege to illustrate that the windows on which plaintiff was working where set back inward from the front door some 6 to 8 feet. The video was taken at 1334 Andrea Way, St. Helena, CA. Plaintiff does not represent that this DVD is an accurate representation of what occurred but rather an approximation of what may have happened.

### VI. ADDITIONAL DISCOVERY

As indicated by enclosures, plaintiff will conduct the following discovery: depose PMKs; obtain responses to interrogatories; obtain documents pursuant to a request therefore; and, obtain admissions to request for admissions. Plaintiff's proposed discovery plan is also enclosed.

11

Plaintiff's Voluntary Disclosure Statement
FRCP Rule 26(a)

VII. UNAVAILABILITY OF COUNSEL

Counsel is unavailable July 7 to July 21 and requests no matter in this case be scheduled during that period of time.

VIII. TRIAL DATE and LENGTH OF TRIAL

Plaintiff will request a November trial date and estimates 6 trial days.

DATED: May 21, 2008.                    LAW OFFICE THOMAS J. GUNDLACH

By _____
Tom Gundlach
*Attorney for Plaintiff*