Randolph T. Moore (#120041)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799
rmoore@swlaw.com

Attorneys for Defendant
Louisville Ladder Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR U. MORENO CASTELLANOS, a/k/a CESAR MORENO, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOUISVILLE LADDER INC., and DOES 1 to 25, Inclusive,<br><br>Defendants. | CASE NO. C 08-02009 BZ<br><br>Honorable Maxine M. Chesney<br><br>**Joint Case Management Statement**<br><br>COMPLAINT FILED: March 21, 2008<br>Trial Date: None |

Plaintiff Cesar U. Moreno Castellanos and Defendant Louisville Ladder Inc. have met and conferred as required by Federal Rule of Civil Procedure Rule 26, Civil Local Rule 16-9, and the Court's Case Management Conference Order. The parties hereby report to the Court as follows:

1.  Jurisdiction and Service:

The parties agree that the Court has original jurisdiction of this civil action under 28 USC §1332 (Diversity) and the case was timely removed under 28 USC §1441(b). The parties further agree that there are no issues regarding personal jurisdiction or venue. All parties to the action have been served and have appeared.

///

2. <u>Facts</u>:

This personal injury/product liability action arises out of a residential construction accident that occurred on June 7, 2007 in St. Helena, California. At the time of the accident, Plaintiff was performing drywall installation for his employer, Hawken Drywall, while working from a 16 foot fiberglass and aluminum extension ladder (Louisville Ladder Model No. L-3121). The ladder was owned by another subcontractor who was working at the jobsite. While Plaintiff was standing approximately 12 feet from the floor and "mudding" a window located above the top of the ladder, the ladder collapsed or otherwise fell over. Plaintiff sustained a fractured vertebrae and strained shoulder as a result of the fall.

Plaintiff seeks to recover compensatory damages against Defendant, claiming that a design or manufacturing defect in the ladder caused it to collapse and caused his injuries. He seeks to recover past and future medical expenses, lost wages, and loss of future earning capacity in an amount that exceeds $2,000,000, plus general damages, including pain and suffering.

Defendant denies that the ladder was defective or that a defect in the ladder caused Plaintiff's injuries and damages. Defendant has raised a number of affirmative defenses, including the comparative fault of the Plaintiff and third parties.

3. <u>Legal Issues</u>:

The parties agree that California product liability law applies to this action. At this early stage of the litigation, the parties have not yet identified any disputed points of law.

4. <u>Motions</u>:

There are no prior or pending motions in the case. Although the parties do not currently anticipate any motions, they reserve their respective rights to file dispositive motions as may be appropriate or necessary.

///

5. <u>Amendment of Pleadings</u>:

The parties do not contemplate any amendments to the pleadings at this time. Nevertheless, the parties propose a September 11, 2008 deadline for completing any amendment of the pleadings that might be allowed.

6. <u>Evidence Preservation</u>:

Plaintiff counsel has made arrangements to preserve the ladder that Plaintiff was using at the time of the accident and has agreed to make it available for inspection and photographing upon reasonable notice.

Plaintiff has expressed a desire to examine discoverable documents, if any, relating to other lawsuits or incidents involving Model No. L-3121 ladders. Plaintiff has also expressed a desire to examine discoverable documents, if any, relating to any recalls involving the subject model ladder. Defendant has agreed to make a reasonably diligent search and produce documents responsive to this request.

7. <u>Disclosures</u>:

On or about May 21, 2008, Plaintiff served his Voluntary Disclosure Statement pursuant to FRCP, Rule 26(a). The parties agreed that Defendant's Initial Rule 26(a) Disclosure should occur two weeks following the parties Rule 26(f) conference, June 27, 2008.

8. <u>Discovery</u>:

On or about May 21, 2008, Plaintiff served his initial discovery consisting of a set of interrogatories, a set of requests for admissions, a set of requests for documents, and a Rule 30(b)(6) deposition covering several topics. The parties agreed to hold the discovery in abeyance until an early meeting of counsel was conducted under Rule 26(f). The discovery was deemed served as of the date of the Rule 26(f) conference. Defendant will provide written response to such discovery on or before August 15, 2008 and, thereafter, depositions will commence.

///

///

9. <u>Class Actions</u>:

Not applicable.

10. <u>Related Cases</u>:

There are no related cases.

11. <u>Relief</u>:

Plaintiff seeks to recover compensatory damages including hospital and medical expenses, wage loss, loss of earning capacity, and general damages, including emotional distress, pain and suffering, and permanent disability. Plaintiff calculates that amount of his current economic loss as follows:

| | |
|---|---|
| Wage loss to date | $45,750 |
| Estimated future wage loss | $1,830,400 |
| Past medical expenses | $36,039 |
| Estimated future medical expenses | <u>$100,000</u> |
| Total | $2,012,189 |

Plaintiff also estimates that his non-economic loss is $2,235,625 based on his assumption that fair and reasonable compensation of his pain and suffering is $125 per day and his life expectancy is 49 years.

Defendant does not have enough information about the nature or extent of Plaintiff's alleged injuries or damages to determine whether the Plaintiff's claim for damages is accurate.

12. <u>Settlement and ADR</u>:

The parties agree that it is too early for them to determine the prospects for settlement. No ADR efforts have occurred to date. The parties discussed compliance with ADR L.R. 3-5 and have agreed that the case is best suited for a private mediation after the parties have had an opportunity to complete their initial disclosures, complete their initial written discovery, and conduct depositions of the parties and key fact witnesses, including persons who were at the scene of the accident and/or participated in the accident investigation. The parties have not yet

1  agreed upon a private mediator or a date on which to conduct the mediation. The
2  will, however, file a timely stipulation and proposed order selecting ADR process
3  in accordance with Civil L.R. 16-8 and ADR L.R. 3-5.
4      13.   <u>Consent to Magistrate Judge for All Purposes</u>:
5  The parties do not consent to a Magistrate Judge for all purposes.
6      14.   <u>Other References</u>:
7  The parties do not believe that the case is suitable to binding arbitration, a
8  special master, or the Judicial Panel on Multidistrict Litigation.
9      15.   <u>Narrowing of Issues</u>:
10  The parties have not identified any issues that may be narrowed by
11  agreement or motion, but will explore the prospects of narrowing the issues at trial
12  and expediting and/or streamlining the presentation of evidence.
13      16.   <u>Expedited Schedule</u>:
14  The parties do not believe that an expedited schedule is appropriate for this
15  case.
16      17.   <u>Scheduling</u>:
17  The parties agreed to propose the following schedule to the Court:
18      a.   Discovery cut-off: May 1, 2009.
19      b.   Motion filing cut-off: June 1, 2009.
20      c.   Expert witness designations:
21          (1)  Plaintiff's Initial: March 13, 2009.
22          (2)  Defendant's Initial: April 13, 2009.
23          (3)  Plaintiff's Supplemental: April 27, 2009
24          (2)  Defendant's Supplemental: May 11, 2009.
25          (3)  Expert discovery cut-off: June 1, 2009.
26      d.   Pretrial Conference: June 16, 2009.
27      e.   Trial: July 13, 2009.
28  ///

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1  18. <u>Trial</u>:

2  Both parties demand a jury and anticipate the case will be tried in 6-8 days.

3  19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

4  The parties have filed their respective "Certification of Non-party Interested Entities and Parties" in accordance with Civil Local Rule 3-16. Pursuant to the Court's Standing Order, the parties restate that the following persons and entities may have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) an interest that could be substantially affected by the outcome of this case:

    1. Plaintiff Cesar U. Moreno Castellanos;
    2. Citlaly Cervantes, Plaintiff's spouse;
    3. Jose Antonio Moreno, Plaintiff's son;
    4. Adriana Moreno, Plaintiff's daughter;
    5. Miranda Moreno, Plaintiff's daughter;
    6. Defendant Louisville Ladder Inc.
    7. Verzatec S.A.B. de C.V., Louisville Ladder Inc.'s corporate parent.

20. <u>Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter</u>:

None.

Dated: July __, 2008

SNELL & WILMER L.L.P.

By: _____
Randolph T. Moore
Attorneys for Defendant
Louisville Ladder Inc.

Dated: July 3, 2008

_____
Tom Gundlach
Attorney for Plaintiff

## Cesar U. Moreno Castellanos v. Louisville Ladder, Inc.
### USDC – Northern Division
### Case No. C08-02009 BZ

### PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On July 9, 2008, I served, in the manner indicated below, the foregoing document described as:

**JOINT CASE MANAGEMENT STATEMENT** on the interested parties in this action:

| **Thomas J. Gundlach, Esq.**<br>**700 Larkspur Landing Circle,**<br>**Suite 175**<br>**Larkspur, CA  94939** | TEL: 415-925-9488<br>FAX: 415-925-9489 |
|---|---|

☒   BY E-FILING (USDC Central): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on July 9, 2008, at Costa Mesa, California.

//s// Sandi Martinez
Sandi Martinez