IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CESAR MORENO CASTELLANOS,

                Plaintiff(s),

     vs.

LOUISVILLE LADDER, INC.,

                Defendant(s).

_____/

NO.  C-08-2009  MMC

**PRETRIAL PREPARATION ORDER**

It is hereby **ORDERED** pursuant to Federal Rules of Civil Procedure and the Local Rules of this Court:

JURY TRIAL DATE:  Monday,  __July 19, 2009__  at 9:00 a.m., Courtroom 7, 19th floor.

TRIAL LENGTH is estimated to be  _6 to 8_  days.

DISCOVERY PLAN:  Per Federal Rules of Civil Procedure and Local Rules, subject to any provisions below.

NON-EXPERT DISCOVERY CUTOFF :  __January 30, 2009__ .

DESIGNATION OF EXPERTS:

      Plaintiff/Defendant:  No later than  __February 20, 2009__ .
      Plaintiff/Defendant: Rebuttal no later than  __March 6, 2009__ .

      Parties shall conform to Federal Rule of Civil Procedure 26(a)(2).

EXPERT DISCOVERY CUTOFF :  __March 27, 2009__ .

DISCOVERY MATTERS are referred to a Magistrate Judge and are to be noticed for hearing before the assigned Magistrate Judge.

DISPOSITIVE MOTIONS shall be filed no later than  April 10, 2009  , and shall be noticed for hearing 35 days thereafter.

SETTLEMENT CONFERENCE shall be held before Magistrate Judge _____ and scheduled to take place no later than 30 days prior to the Pretrial Conference.

PRETRIAL CONFERENCE DATE:  June 30, 2009  at **3:00 p.m.**

> **COUNSEL WHO INTEND TO TRY THE CASE MUST ATTEND THE PRETRIAL CONFERENCE.**  Counsel shall be prepared to discuss all aspects of the case, including settlement.  Pretrial shall conform to the attached instructions.

MEET AND CONFER (Civil L.R. 16-10(b)(5):  Lead trial counsel shall meet and confer no later than  May 26, 2009  .

FURTHER STATUS CONFERENCE:  Friday,  May 1, 2009  at 10:30 a.m.

FURTHER STATUS CONFERENCE STATEMENT DUE: Friday,   April 24, 2009  .

ADDITIONAL ORDERS:

> Case referred to Private Mediation by agreement of the parties.

> Private mediation to be concluded by March 31, 2009.

PLAINTIFF IS ORDERED TO SERVE A COPY OF THIS ORDER ON ANY PARTY SUBSEQUENTLY JOINED IN THIS ACTION.

DATED:   August 1, 2008 

_____
MAXINE M. CHESNEY
United States District Judge

## PRETRIAL INSTRUCTIONS

Counsel SHALL meet and confer in good faith in advance of complying with the following pretrial requirements for the purpose of preparing for the Pretrial Conference and to discuss settlement.

## A.      TEN COURT DAYS PRIOR TO PRETRIAL CONFERENCE

The following shall be accomplished not later than **ten Court days** prior to the scheduled Pretrial Conference:

1.      **PRETRIAL STATEMENT**:  The parties shall file a joint pretrial statement which shall set forth:

(1) The substance of the action;

(2) The relief claimed, including the particular elements of the damages claimed;

(3) The factual issues remaining, as well as any stipulations of fact;

(4) The legal issues, including a concise statement of each disputed point of law concerning liability or relief and citing supporting statutory and case law;

(5) A current estimate as to the length of the trial;

(6) The status of the case with respect to alternative dispute resolution.

2.      **JURY INSTRUCTIONS**:

a.      Joint Set of Agreed Upon Instructions:  The parties shall jointly prepare a set of agreed upon jury instructions, which shall be filed **ten Court days** prior to the Pretrial Conference.  Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed jury instructions, in the same order as their joint submission, on a CD or 3-1/2" floppy disk in WordPerfect format.  The disk label shall include the name of the parties, the case number and a description of the documents.

b.      Separate Instructions:  Separate instructions may be submitted only as to those instructions upon which the parties cannot agree.  Each separate instruction shall note on its face the identity of the party submitting such instruction.

No later than **ten Court days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction.  The form of the objection shall be as follows:

(1) Set forth in full the instruction to which the objection is made;

(2)  Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(3) Set forth in full an alternative instruction, if any.

The separate instructions with objections shall be filed **ten Court days** prior to the Pretrial Conference.

c.      <u>Substance and Format of Instructions</u>:  The instructions shall cover all substantive issues.  Proposed instructions shall be consecutively numbered.  Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title. Citations to the authorities upon which the instruction is based shall be included.  Instructions shall be <u>brief, clear, written in plain English and free of argument</u>.  Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d.      <u>Preliminary Statement and Instructions</u>:  If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **one week** prior to trial, the text of the statement and instructions, clearly marked.

e.      <u>Clean Copies</u>:  The parties shall be prepared to submit two clean copies of instructions without citations, titles or attribution on or before the date trial commences.

3.      **FINDINGS OF FACT and CONCLUSIONS OF LAW**:  In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues.  Proposed findings shall be brief, written in plain English and free of pejorative language and argument.  Whenever possible, parties shall deliver to the Courtroom Deputy copies of proposed findings of fact and conclusions of law on a CD or 3-1/2" floppy disk in WordPerfect format.  The disk label shall include the name of the parties, the case number and a description of the documents.

4.      **EXHIBITS**:

a.      <u>Provide Copies of Exhibits to Other Parties</u>:  Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list **(see attached)** of all such proposed exhibits.  Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries.  Each item shall be <u>pre-</u>

<u>marked with an exhibit sticker</u> **(see attached)**, plaintiff's exhibits with numbers, defendant's exhibits with letters or with numbers sequenced to begin after plaintiff's exhibit numbers.  If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators.  All exhibits which have not been provided as required are subject to exclusion.

      b.    <u>Stipulations re Admissibility</u>:  Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference.  If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

      c.    <u>Provide Copies of Exhibits to Court</u>:  Three sets of exhibits shall be provided to the Court on the **<u>first day of trial</u>**.  Each set shall be in binders, tabbed and indexed.

      d.    <u>Disposition of Exhibits After Trial</u>:  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

      5.    **WITNESSES**:

      a.    <u>Jury Trials</u>:  The Pretrial Conference Statement shall include a list of witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name, describing the testimony to be given.  Expert witnesses shall be listed separately. Witnesses not included on the list may be excluded from testifying.

      b.    <u>Non-Jury Trials</u>:  In non-jury cases, each party shall serve and lodge with the Court a written <u>narrative statement</u> of the proposed direct testimony of each witness under that party's control in lieu of a summary.  Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

6.    **MOTIONS IN LIMINE**:  Motions in limine are limited to motions to exclude specific items of evidence (i.e. specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial.

Motions in limine shall be filed and served no later than **<u>ten Court days</u>** prior to the date set for the pretrial conference.  Any party opposing such a motion in limine shall file and serve its opposition papers no later than **<u>five Court days</u>** prior to the pretrial conference.  No reply papers will be considered.

**B.   <u>ONE COURT DAY PRIOR TO PRETRIAL CONFERENCE</u>**

      The following shall be accomplished not later than **<u>one Court day</u>** prior to the Pretrial

Conference:

      1.     <u>List of Exhibits With Stipulations and Objections</u> - The parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

      2.     <u>Objections to Other Evidence</u> - In addition to exhibit lists, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference as required by Local Rule.  Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

      3.     <u>Voir Dire and Verdict Forms</u> - Each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

**C.**      **<u>OTHER PRETRIAL MATTERS</u>**

      1.     <u>Citations</u> - In all Pretrial Statements, memoranda of points and authorities and jury instructions, citations shall be as follows:  (1) all United States Supreme Court citations shall be to both the official reporter and to the <u>West Supreme Court Reporter</u>, (2) all citations to California state courts shall be to both the official reporter and to the <u>West California Reporter</u>, and (3) all citations to the courts of any other state shall be to both the official reporter of that state and to the <u>West Regional Reporter</u>.

      2.     <u>Settlement Conferences</u> - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

      3.     <u>Copies</u> - Unless otherwise indicated, each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers.  In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

      4.     <u>Daily Transcripts</u> - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least **one week** before trial commences.

Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. **C-          MMC**                          DATE: _____

_____vs   _____

EXHIBIT LIST

(   ) Plaintiff                              (   ) Defendant

| EXHIBIT NUMBER | Marked | Admitted | Sponsoring Witness | DESCRIPTION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | |
|---|---|
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |
| Case No.<br>**PLNTF** Exhibit No. _____<br>Date Entered _____<br>Signature _____ | Case No.<br>**DEFT** Exhibit No. _____<br>Date Entered _____<br>Signature _____ |