United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CESAR U. MORENO CASTELLANOS, a/k/a        No. C-08-2009 MMC
     CESAR MORENO,
12                                            **ORDER DENYING DEFENDANT'S**
              Plaintiff,                      **MOTION FOR SUMMARY JUDGMENT**
13
         v.
14
     LOUISVILLE LADDER, INC.,
15
              Defendant.
16   _____/

17

18        Before the Court is defendant Louisville Ladder, Inc.'s ("LLI") motion for summary

     judgment, filed April 10, 2009 and amended April 13, 2009.  Plaintiff Cesar U. Moreno
19
     Castellanos ("Moreno") has filed opposition, to which LLI has replied.  Having read and
20
     considered the papers filed in support of and in opposition to the motion, the Court deems
21
     the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for
22
     May 15, 2009, and rules as follows.
23
          In the instant motion, LLI argues it is entitled to summary judgment with respect to
24
     Moreno's "warnings defect theory of liability," on the ground that Moreno is a "'sophisticated
25
     user' of extension ladders, and California law does not permit sophisticated users to assert
26
     product liability claims based on alleged warning defects."  (See Mot. at 1:4-18.)
27
          Under California law, "[a] manufacturer is not liable to a sophisticated user of its
28
     product for failure to warn of a risk, harm, or danger, if the sophisticated user knew or

1  should have known of that risk, harm, or danger." See Johnson v. Am. Standard, Inc., 43

2  Cal. 4th 56, 71 (2008).  "The relevant time for determining user sophistication for purposes

3  of this exception to a manufacturer's duty to warn is when the sophisticated user is injured

4  and knew or should have known of the risk." See id. at 73-74.  Consequently, in the instant

5  case, to prevail on the sophisticated user defense, LLI must show both that a sophisticated

6  user of extension ladders should have known of the risk about which LLI assertedly failed

7  to provide adequate warning, specifically, "the hazard of slide-out due to improper set-up of

8  an extension ladder" (see Mot. at 7:20-22), and that at the time of his injury, Moreno was a

9  "sophisticated user."

10        On the evidence presented in connection with the instant motion, a triable issue

11  exists as to whether Moreno was a sophisticated user at the time of his injury.  In that

12  regard, "[t]he focus of the defense . . . is whether the danger in question was so generally

13  known within the trade or profession that a manufacturer should not have been expected to

14  provide a warning specific to the group to which plaintiff belonged." See Johnson, 43 Cal.

15  4th at 72.  Here, although, as LLI points out, Moreno stated in his initial disclosures he "is

16  experienced in the use of extension ladders and has never had an accident on one" (see

17  Mot. Ex. D at 4:2-3), Moreno has presented evidence that he never received training on the

18  use of extension ladders (see Gundlach Decl. Ex. 6 ("Moreno Deposition") at 13:20-22,

19  16:17-19, 23:11-15) and that he only used such ladders "three to five times a year" (see id.

20  at 22:2-15).  Further, LLI has failed to present any evidence suggesting members of

21  Moreno's trade, i.e., drywall tapers, generally are sophisticated users of extension ladders,

22  whereas Moreno has presented evidence that they are not. (See Gundlach Decl. Ex. 8

23  ("Del Toro Deposition") at 9:17-20 (stating, at time of Moreno's injury, Moreno's employer

24  did not own extension ladder); id. at 10:11-14 (stating "we never really had ladders most of

25  the time").)

26        LLI's reliance on federal and state regulations that discuss, respectively, training for

27  employees who use ladders and the proper use of portable ladders, is unavailing. See 29

28  C.F.R. § 1926.1060(a)(1) (providing employer "shall provide a training program for each

1  employee using ladders" that "enable[s] each employee to recognize hazards related to

2  ladders"); Cal. Code Regs. tit. 8, § 1675(g) (providing "[p]ortable ladders shall be used at

3  such a pitch that the horizontal distance from the top support to the foot of the ladder is

4  about one-quarter of the working length of the ladder"); id. § 1675(j) (providing "[p]ortable

5  ladders in use shall be tied, blocked, or otherwise secured").  Specifically, LLI has failed to

6  present any evidence suggesting drywall tapers in general or Moreno in particular received

7  such training or were aware of any regulation concerning the proper use of portable

8  ladders, cf. Johnson, 43 Cal. 4th at 61-62, 74 (noting "[b]eginning in 1997, every time he

9  purchased the refrigerant R-22, plaintiff received, and sometimes read, [a Material Safety

10  Data Sheet]" required by state regulations, on which sheet "[t]he dangers associated with

11  R-22 are noted"), and LLI has failed to cite any authority suggesting the existence of

12  regulations concerning training by employers is sufficient to establish the sophisticated user

13  defense on the part of a manufacturer where members of the plaintiff's trade have not

14  received such training and do not frequently use the product in question.[1]

15       Accordingly, LLI's motion is hereby DENIED.

16       **IT IS SO ORDERED.**

17

18  Dated:  May 11, 2009

19  MAXINE M. CHESNEY
    United States District Judge

20

21

22

23

24

---

25       [1]Additionally, the Court notes that it is unclear whether the sophisticated user
26  defense applies where sales of the product at issue are not limited to sophisticated users.
    See Johnson, 43 Cal. 4th at 61 (noting plaintiff therein received "'universal' certification" as
27  HVAC technician, which certification "allow[ed]" him to purchase product at issue); Antcliff
    v. State Employees Credit Union, 327 N.W.2d 814, 821 (Mich. 1982) (finding manufacturer
28  had no duty to warn where manufacturer "affirmatively and successfully limit[ed] the market
    of its product to professionals"); see also Johnson, 43 Cal. 4th at 66 (citing Antcliff).

3